IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDDIE VAN OLIVER, III,

      **Plaintiff,**

                                  **Case No. 2:25-cv-748**
                                  **Chief Judge Sarah D. Morrison**
    v.                            **Magistrate Judge Elizabeth P. Deavers**

STATE OF OHIO, *et al.*,

      **Defendants.**

**ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION**

Plaintiff Eddie Van Oliver III's request for leave to proceed *in forma pauperis* under 28

U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 8.)  It is **ORDERED** that Plaintiff be

allowed to prosecute his action without prepayment of fees or costs and that judicial officers who

render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28

U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of

Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Having performed the initial screen of the

Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*   \*   \*
>
>   (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

 To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

2

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

**II.**

Plaintiff has filed what has been docketed as 28 pages of a "Complaint" and 785 pages of exhibits.  (ECF No. 1 through 1-11.)  Upon review, the "Complaint" is actually seven separate and completed form Complaints dated between January 29, 2024 and January 13, 2025.  The form Complaints appearing at pages 17-20 and 21-24 and dated February 13, 2024 appear to be duplicates of each other as do the form Complaints appearing at pages 13-16 and 25-28 and dated January 13, 2025.  Across these various Complaints, Plaintiff names as Defendants the State of Ohio, Cardinal Health Hospital, the State of North Carolina, the City of Columbus, Aron Terry, Deidra Webster, Jessica Terry, and Mark Yarboro.  (ECF No. 1.)  He also names Joshua Oliver or Joshua Michael Oliver as an additional Plaintiff.

Plaintiff's allegations are wide-ranging and disconnected, spanning Governor DeWine's COVID executive order, marriage fraud, illegal drug use, concealed weapons, cults, and the potential location of a possible dead body.  By way of representative example only, Plaintiff alleges:

> In Virginia I was sold out to a cult from someone of the church.  I have spoke against cultist religions and faiths … We suspect that Cocaine may be involved.  It was reported that a family member or family friend had a missing vehicle.  After the missing vehicle, I attended the marriage virtually And my vehicle was destroyed.   The officer sgt Joshua Moser then got sued by a Jeffery Payne.  Jeffery Payne then pleaded guilty for Cocaine.  Trina Watkin mother nickname T-Pain and had an illegal substance after Deidra webster exchange phone numbers.  St Pauls was where I went to school and it is near border of North Carolina.  There were drug dealers at the school, and it closed down.

ECF No. 1 at 11.)   By way of relief, Plaintiff seeks, *inter alia*, counseling for certain individuals, an identity theft investigation, student loan relief, bankruptcy assistance for his brother, monetary damages, an investigation as to why Trina Watkins deliberately ignored him, and a COVID-19 waiver.  (ECF No. 1 at 1-28.)  The attached exhibits are similarly expansive, including wedding

4

photographs, copies of court decisions, drug and crime facts from 1989, information on hydrogen peroxide toxicity, news reports, a NASA report, and, lastly, a copy of a Notice for a hearing on the matter of his guardianship in the Probate Court of Franklin County, Ohio.  (Exhibits 1-1 through 1-11.)

As this summary confirms, Plaintiff's Complaint "contains no coherent factual allegations to support a legal theory upon which a valid federal claim may rest." *Francis v. Branch*, No. 3:22-CV-664-CHB, 2023 WL 3325925, at *2 (W.D. Ky. May 9, 2023).  Instead, it is comprised of "fantastic" and "delusional" factual allegations warranting dismissal for frivolousness.  *Id.* (citation omitted).

Further, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Even liberally construing the Complaint, Plaintiff's allegations meet this standard as well.  *See, e.g., Swint v. Fultano's Pizza*, No. 5:23 CV 1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023) (dismissing for lack of subject matter jurisdiction where plaintiff's complaint contained "fantastic or delusional scenarios"); *see also Francis*, 2023 WL 3325925, at *2 (same).

## III.

For the reasons explained above, Plaintiff's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 8.)  Further, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for lack of subject matter jurisdiction.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28

U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date:  August 28, 2025**                     /s/ *Elizabeth A. Preston Deavers*
                                                         **ELIZABETH A. PRESTON DEAVERS**
                                                         **UNITED STATES MAGISTRATE JUDGE**